UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE DIETRICH FAMILY
IRREVOCABLE TRUST, EDGAR J.
DIETRICH, and THERESITA DIETRICH,

    Plaintiffs,                               Case No. 05-71908

v.                                               Honorable Patrick J. Duggan

CHICAGO TITLE INSURANCE
COMPANY,

    Defendant.
_____/

**OPINION AND ORDER
DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 4, 2005.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On May 13, 2005, Plaintiffs filed a complaint asserting state law claims against Defendant Chicago Title Insurance in this Court pursuant to 28 U.S.C. § 1132(a)(1). Plaintiffs allege that Defendant, through its agent, breached its contractual obligations and fiduciary duty when it failed to pay taxes on a property resulting in foreclosure. Presently before the Court is Plaintiffs' Motion for Summary Judgment, filed on September 6, 2005.[1]

---

[1]In its response to Plaintiffs' Motion for Summary Judgment, Defendant requests that this Court deny Plaintiffs' Motion for Summary Judgment "and enter summary judgment in favor of Defendant." However, because Defendant has not filed a *motion* for summary judgment or a

The Court held a hearing on these motions on November 3, 2005.

**I.  Factual Background**

Plaintiffs owned property, which consisted of Lots 25, 26, 27, and 28. On February 14, 2002, Plaintiffs obtained a loan from Michigan Heritage Bank in exchange for a mortgage against the property. Plaintiffs entered into a contract with Defendant Chicago Title Insurance Company, in which Defendant provided Plaintiffs with a title insurance policy in connection with the loan. (*See* Pl.'s Mot. Ex. B, Title Insurance Contract). Philip F. Greco Title Insurance Company acted as Defendant's agent for the purposes of issuing the title insurance policy. (Def.'s Mot. Ex. A, Agency Contract at ¶1).

The loan closed on January 24, 2002, at the offices of Greco Title. Although Greco Title withheld funds from the mortgage proceeds for the express purpose of paying the outstanding taxes on the Lots, (Pls.' Mot. Ex. A, Dara Dep. at 7), Greco Title failed to pay the property tax due on Lot 25. A judgment of foreclosure was entered on March 4, 2005, and on March 25, 2002, the foreclosure became final. (Pls.' Mot. Ex. D).

Plaintiffs contend that Greco Title was acting as Defendant's agent during the closing when it failed to pay the tax on Lot 25. Plaintiffs seek $200,000 from Defendant for the loss of property. Defendant contends, however, that Greco was not the agent of Defendant for purposes of conducting the closing, including the handling and disbursement of settlement funds or the providing of settlement services.

---

brief in support of such motion, the Court will not entertain Defendant's "request" for summary judgment in its favor.

**II.     Standard of Review**

This Court will grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions of the record that establish the absence of a material issue of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

Once the moving party has met its burden, Rule 56(e) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial. FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53. It is not enough that the nonmoving party comes forward with the "mere existence of a scintilla of evidence . . . ," *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512, or some "metaphysical doubt as to the material facts." *Matsishita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). Rather, the nonmoving party must present significant probative evidence in support of its opposition to the motion for summary judgment. *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993).

**III.    Applicable Law and Analysis**

3

Both parties agree that Defendant's liability in this case depends on whether or not Greco Title was acting as Defendant's agent during the closing when it failed to pay the tax on Lot 25. Plaintiffs contend that Defendant is liable for the acts of Greco Title because Greco Title was acting with the actual or apparent authority of Chicago Title when it conducted the closing.

An agency relationship may arise when there is a manifestation by the principal that the agent may act on the principal's account. *Meretta v. Peach*, 195 Mich. App. 695, 697, 491 N.W.2d 278, 280 (1992). The test of whether an agency has been created is whether the principal has the right to control the actions of the agent. *Id.* "In order for a person to become the agent of a principal under Michigan law, the principal must have acted in such a way as to confer authority, whether actual or apparent, on the prospective agent." *West Bay Exploration Co. v. AIG Specialty Agencies of Texas, Inc.*, 915 F.2d 1030, 1036 (6th Cir. 1990) (citations omitted). Therefore, the Court must determine whether Defendant conferred actual or apparent authority on Greco Title to conduct a closing.

In support of its claim that Greco Title was acting with actual authority of Chicago Title, Plaintiffs primarily rely on the language of the agency agreement relating to the "Duties of Agent," which sets forth a number of duties "[i]n those instances where Agent ***closes real estate transactions*** and receives and disburses funds of others . . . ." (Pls.' Br. in Supp. of Mot., Ex. A, Agency Agreement at ¶4g (emphasis added)). Defendant, on the other hand, relies on language in the agency agreement that expressly states: "Principal hereby appoints Agent as a policy issuing agent of Principal for the ***sole*** purpose of issuing the title insurance commitments . . . ." (*Id.* at ¶1 (emphasis added)), and "The parties hereto

4

acknowledge that Agent is ***not*** an agent of Principal for the purposes of conducting a Closing, as defined in Paragraph 7h hereof." (*Id.* at 4j (emphasis added)).

The Court is, therefore, satisfied that a genuine issue of material fact exists as to whether or not Greco Title was acting with actual authority of Defendant when it conducted the closing.

Alternatively, Plaintiffs argue that if Greco Title was not acting with actual authority, Chicago Title is liable because Greco Title was acting with apparent authority.

Apparent authority exists "if the principal cloaked its agent with apparent authority, i.e., held the agent out to third parties as possessing sufficient authority to commit the particular act in question, and there was reliance upon the apparent authority." *Jones v. Federated Fin. Reserve Corp.*, 144 F.3d 961, 965 (6th Cir. 1998). Apparent authority must be traceable to the principal and cannot be established by the acts and conduct of the agent. *Meretta*, 195 Mich. App. at 699, 491 N.W.2d at 280. "In determining whether an agent possesses apparent authority to perform a particular act, the court must look to all surrounding facts and circumstances." *Id.*, 491 N.W.2d at 280.

Plaintiffs contend that the following support their argument that Greco Title had apparent authority to act on Defendant's behalf in conducting the closing: (1) the title insurance policy listed Greco Title as Defendant's agent; (2) Greco Title's advertisement in its website that it is "an exclusive agent for the Chicago Title & Trust Company" (Pl.'s Mot. Ex. C); (3) the fact that Greco Title withheld funds from the mortgage proceeds for the purpose of paying the outstanding taxes on the property; and (4) Greco Title conducted the closing. (Pl.'s Br. in Supp. of Mot. at 8).

Plaintiffs have not provided evidence in the record that Defendant "cloaked" Greco Title with apparent authority, nor have Plaintiffs produced any evidence that Plaintiffs relied on any "apparent authority." The Court is therefore not prepared to rule, as a matter of law, that Greco Title was acting with apparent authority when it conducted the closing.

For the reasons set forth above and for the reasons set forth at the hearing on November 3, 2005,

**IT IS ORDERED** that Plaintiffs' Motion for Summary Judgment is **DENIED**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Dennis B. Cotter, Esq.
Catherine H. Finn, Esq.